## John Hiller, Sr., Administrator, Appellee, v. Mt. Olive & Staunton Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. J. F. Gillham, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed April 5, 1918. Rehearing denied June 22, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by John Hiller, Sr., administrator of the estate of Frederick Hiller, deceased, plaintiff, against Mt. Olive & Staunton Coal Company, defendant, to recover damages for the death of plaintiff's intestate, killed while employed in defendant's mine, alleged to have been caused through his coming in contact with a crossbar. From a judgment for plaintiff, defendant appeals.

A. M. Fitzgerald and Keefe, Hadley & Baxter, for appellant.

D. J. Sullivan, for appellee.

Mr. Justice McBride delivered the opinion of the court.

## Abstract of the Decision.

**1.** MINES AND MINERALS, § 176*—*when verdict for death of mine laborer struck by crossbar in roof while riding on car is not against weight of evidence.* In an action to recover for the death of a mine employee, alleged to have been caused by his head striking a crossbar supporting the roof as he was driving a loaded box in the performance of his duties, where the evidence shows that the point at which the accident occurred was dark and that the crossbar could not be observed except by the aid of the cap light of deceased, which gave little light, and could not be seen until right on it; that there was nothing to advise of the approach to this point and that the roof up to the point was level and there formed an abrupt set-off; that the deceased and others were in the habit of riding sideways on the boxes; that the seat was 3 feet from the crossbar; that a bruise was found on the side of his head; that hair the color of his was on the crossbar, and there is evidence tending to show that he had been struck very near the crossbar, it cannot be said that a verdict for plaintiff was against the weight of the evidence.

**2.** MINES AND MINERALS, § 182*—*when question for jury whether mine is safe for employee riding on car.* In an action to recover for the death of a mine employee, alleged to have been caused by his head striking a crossbar supporting the roof, it cannot be said as a matter of law that the place was reasonably safe where it appears that at that point the roof, which was level up to there, became abruptly 6 inches lower, that the point was dark, the nearest light being 90 feet away, and that the roof was only 3 feet above the seat on which deceased and other drivers were accustomed to ride, but the question whether such place was reasonably safe is for the jury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.